# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **INTERVET, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **8:07CV194** |
| | ) | |
| **MERIAL LIMITED and MERIAL SAS,** | ) | **ORDER** |
| | ) | |
| **Defendants,** | ) | |
| | ) | (Related Case No. 1:06-CV-00658, U.S. District |
| **DR. FERNANDO ABLE OSORIO,** | ) | Court for the District of Columbia) |
| | ) | |
| **Interested Party.** | ) | |

This matter is before the magistrate judge on the Motion to Quash Subpoena [2] filed by Intervet Inc. and Dr. Fernando Able Osorio (together, "Intervet"), and the defendants' (together, "Merial") responsive Motion [20] to compel compliance with the subpoena.

Dr. Osorio is a professor employed by the University of Nebraska. The subpoena, issued by this court, was served in conjunction with *Intervet, Inc. v. Merial Limited and Merial SAS*, No. 1:06-CV-00658 (HHK-JMF), currently pending in the United States District Court for the District of Columbia (the "DC Action").

In a prior action, *Merial Limited v. Intervet, Inc.*, No. 05-CV-3168, which was filed in the Northern District of Georgia, Merial contended that Intervet's sales of a vaccine intended for swine infringed U.S. Patent No. 6,368,601 ('601 Patent). Dr. Osorio was retained by Intervet's counsel as a consulting expert in the Georgia case, which was dismissed

without prejudice on April 27, 2006 for reasons unrelated to the merits of Merial's claims. Merial contends that Dr. Osorio "testified" on behalf of Intervet in the Georgia case when Intervet offered the declaration of Dr. Osorio in its response to Merial's motion for a preliminary injunction.

Meanwhile, Intervet filed the DC Action on April 11, 2006, seeking a declaration of noninfringement, invalidity, and unenforceability of the '601 Patent. Intervet has designated Dr. Raymond Rowland, not Dr. Osorio, as its expert witness in the DC Action; however, Merial wishes to depose Dr. Osorio on the ground that his claim construction position, set out in the declaration filed in the Georgia action, is different than that of Dr. Rowland disclosed in the DC Action. Dr. Osorio is not a "fact" witness in the pending case.

Intervet contends the subpoena should be quashed pursuant to Federal Rules of Civil Procedure 26(b)(4)(B) and 45(c)(3).

Rule 26(b)(4)(B) allows the discovery of "facts known or opinions held" by a retained non-testifying expert only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Intervet argues, persuasively, that Merial can retain its own experts to obtain facts or opinions regarding the '601 patent; therefore, Merial has not shown any exceptional circumstance preventing it from obtaining the discovery by other means.

The court rejects Merial's argument that all Rule 26(b)(4)(B) protection was waived due to the filing of Dr. Osorio's declaration in Georgia. Compliance with the disclosure

requirements of Rule 26(a)(2)(B) was not mandatory in that context. Rule 26(b)(4)(B) allows the deposition of expert witness "whose opinions may be presented *at trial*." (Emphasis added). Dr. Osorio was not designated as a testifying expert in the Georgia case. At the time the case was dismissed, Dr. Osorio's opinions would not have been admissible at trial due to lack of compliance with Rule 26(a)(2)(B). Furthermore, the Georgia case was dismissed for reasons unrelated to the merits of the case – the court found that Merial lacked Article III standing to bring the lawsuit, and Merial's motions for temporary restraining order and for preliminary injunction were dismissed as moot.

Under the circumstances, the court agrees with Intervet that "Dr. Osorio's declaration is a public document that Merial has in its possession and can rely on and use to 'impeach' witnesses whenever it believes that it is appropriate and/or possible." Intervet's Brief, Filing No. 25 at p.2. There is no reason why Merial cannot present Dr. Osorio's declaration to its own experts for perusal and comment.

Rule 45(c)(3)(B)(ii) further requires the court, on timely motion, to quash or modify a subpoena if it "requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party[.]" This rule was intended to provide protection for the intellectual property of the non-party witness, but does not apply to a retained expert, whose information is subject to the provisions of Fed. R. Civ. P. 26(b)(4). Advisory committee note to the 1991 amendment of Rule 45(c)(3)(B).

Dr. Osorio has not been retained or designated as an expert in the pending litigation, and it appears to the court that it would be unnecessarily time-consuming and costly for Dr. Osorio to comply with this subpoena. Dr. Osorio, therefore, is entitled to protection under Rule 45(c).

For all these reasons,

**IT IS ORDERED:**

1. The Motion to Quash Subpoena [2] filed by Intervet Inc. and Dr. Fernando Able Osorio is granted.

2. Defendants' Motion [20] to compel compliance with the subpoena is denied.

3. Defendants' Motion [35] to submit further briefing is denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECivR 72.2(d).

**DATED June 20, 2007.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**