IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERVET, INC., | CASE NO. 8:07CV194 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| MERIAL LIMITED and MERIAL SAS, | |
| Defendants, | (Related Case No. 1:06cv00658, U.S. District Court, District of Columbia) |
| DR. FERNANDO ABLE OSORIO, | |
| Interested Party. | |

This matter is before the Court on the Statement of Appeal of Magistrate Judge's Order Dated June 20, 2007, submitted by Defendants Merial Limited and Merial SAS ("Merial"), Filing No. 37. The Magistrate Judge's Order (Filing No. 36) granted the Motion to Quash Subpoena that was filed by Plaintiff Intervet, Inc. ("Intervet") and Dr. Fernando Able Osorio, and denied Merial's Motion to Compel Compliance with Subpoena. For the reasons stated below, the Appeal of the Magistrate Judge's Order will be denied, and the Order will be affirmed.

## PROCEDURAL BACKGROUND

On December 12, 2005, Merial sued Intervet in the United States District Court for the Northern District of Georgia, alleging that Intervet infringed Merial's patent for a swine vaccine, and seeking preliminary injunctive relief preventing Intervet from selling the vaccine. On April 11, 2006, Intervet challenged Merial's standing to bring that action, and Intervet brought its own declaratory judgment action in the United States District Court for the District of Columbia, seeking a declaration that Intervet did not infringe the patent, and challenging the validity of the patent.

Intervet submitted a 26-page declaration by Dr. Osorio in the Georgia-based action, in which Dr. Osorio offered certain expert opinions, in an effort to respond to Merial's claims of patent infringement. (Filing 26-2). On April 27, 2006, the Georgia-based action was dismissed without prejudice (Filing No. 25-4), and Merial pursued its claims against Intervet in the D.C.-based action.

On May 10, 2007, Merial obtained a subpoena from this Court (Filing No. 2-2) seeking to depose Dr. Osorio and to require him to produce a broad array of documents. On May 21, Intervet moved to quash the subpoena, alleging that Dr. Osorio is a non-testifying and/or non-retained expert in the D.C.-based action; that his opinions are irrelevant; and that the deposition and production of documents would be unduly burdensome on him. Merial moved to compel compliance with the subpoena.

On June 20, 2007, Magistrate Judge F.A. Gossett granted the motion to quash and denied the motion to compel, concluding that (1) Dr. Osorio is not a fact witness; (2) Dr. Osorio is not a testifying witness in the D.C-based action, nor was he designated as a testifying expert witness in the Georgia-based action; (3) Merial has not demonstrated exceptional circumstances necessitating discovery of facts or opinions from Dr. Osorio under Fed. R. Civ. P. 26(b)(4)(B); and (5) Dr. Osorio is entitled to protection from time-consuming and costly discovery proceedings under Fed. R. Civ. P. 45(c)(3)(B).

Merial appealed the Magistrate Judge's Order, alleging that (1) Dr. Osorio was a testifying witness on behalf of Intervet, because Dr. Osorio's declaration was submitted to the Court in the Georgia-based action, which raised issues identical to those raised in the D.C.-based action; (2) the Magistrate Judge's Order speculates about how Merial may use Dr. Osorio's declaration, including for impeachment purposes, when the D.C. District Court

2

is in the best position to decide such matters; and (3) the Magistrate Judge's Order presumes that the requested discovery will be "unnecessarily time-consuming and costly for Dr. Osorio" without an evidentiary record to support such a conclusion. (Statement of Appeal, Filing No. 37).

## STANDARD OF REVIEW

"The district judge will not modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof unless clearly erroneous or contrary to law." NECivR 72.2(c). *See also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## DISCUSSION

Fed. R. Civ. P. 26(b)(4)(B) provides:

A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness ***at trial***, only as provided in Rule 35(b) [governing physical and mental examinations of persons] or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(Emphasis added).

Fed. R. Civ. P. 45(c)(3)(B) provides:

If a subpoena . . . requires disclosure of an unretained expert's opinion . . . the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

3

Dr. Osorio is not a fact witness.  Neither has he been retained by Intervet as an expert witness in the pending D.C.-based litigation.  Merial argues that Intervet did retain Dr. Osorio in anticipation of litigation or in preparation for trial in the Georgia-based action; Intervet actually used a declaration from Dr. Osorio in connection with preliminary motions in the Georgia-based action, causing him to be a "testifying" witness; and the issues in the Georgia-based action are virtually identical to those raised in the D.C.-based litigation.  Regardless, Intervet does not expect to call Dr. Osorio as a witness at trial in the D.C.-based litigation, nor did Intervet designate him as an expert expected to testify *at trial* in the Georgia-based action.

I recognize that Merial wants to depose Dr. Osorio and review documents in his possession to explore the reasons why Intervet may have changed its theory of claim construction, and to impeach Intervet's current expert witness.  Accordingly, although he is not a fact witness, his opinions and the documents in his possession may have some relevance to the pending D.C.-based litigation.  I also agree that whether and how Merial may use Dr. Osorio's declaration, for impeachment purposes or otherwise, is a matter that must be determined by the judge of the D.C. District Court.  However, I concur with the Magistrate Judge's interpretation of Fed. R. Civ. P. 26(b)(4)(B) and 45(c)(3)(B) as well as his conclusion that "it appears to the court that it would be unnecessarily time-consuming and costly for Dr. Osorio to comply with this subpoena."   (Filing No. 36, p.4).  The subpoena itself, with the six-page attachment seeking production of documents, supports the Magistrate Judge's conclusion regarding the burden placed on Dr. Osorio, without need for a further evidentiary record demonstrating the nature and extent of the burden.

Merial has not made a showing under Fed. R. Civ. P. 45(c)(3)(B) of "substantial need for the testimony or material that cannot be otherwise met without undue hardship" nor has Merial offered any assurances "that the person to whom the subpoena is addressed will be reasonably compensated."

**CONCLUSION**

The Order of the Magistrate Judge is not clearly erroneous nor contrary to law, and the appeal from the Order will be denied.

IT IS ORDERED:

1. Defendants Merial Limited and Merial SAS's Appeal (Filing No. 37) from the Order of the Magistrate Judge is denied; and
2. The Order of Magistrate Judge F.A. Gossett (Filing No. 36) is affirmed.

DATED this 15th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge